IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRANK EDWARD ANTROBIUS,**

        **Plaintiff,**

v.                                                        Civil Action No. 1:18cv3
                                                             (Judge Kleeh)

**JASON T. GAIN; THOMAS A. BEDELL;
DAVID C. MIRHOSEINI, and ANDREA L.
ROBERTS,**

        **Defendants.**

## REPORT AND RECOMMENDATION

      The *pro se* plaintiff, Frank Edward Antrobius ("Antrobius"), an inmate currently incarcerated at the Mount Olive Correctional Complex ("MOCC") in Mount Olive, West Virginia, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on January 1, 2018. Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). The IFP motion was granted on February 13, 2018 and Plaintiff was directed to pay an initial partial filing fee ("IPFF") within 28 days. On March 19, 2018, pursuant to a March 19, 2018 show cause order, Plaintiff paid the IPFF. On February 12, 2019, plaintiff filed a motion to appoint counsel; the motion was denied by Order entered March 19, 2019. On June 25, 2019, the plaintiff filed a second motion to appoint counsel, attaching copies of certain exhibits and medical records. ECF No. 20.

      This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915.

## I. The Complaint

      In his complaint, Plaintiff is seeking damages for actions allegedly taken by the prosecuting attorney and judge on his felony and state habeas cases in Harrison County Circuit Court and for

actions taken by his court-appointed habeas counsel. ECF No. 1 at 2 – 3.  Plaintiff's claims, some of which are repetitive, are condensed and reordered here for clarity, and contend that

1) Defendant Gain, as appointed state habeas counsel, "illegally" withheld from Plaintiff documents obtained during Plaintiff's state habeas action. Id. at 7 - 8.

2) Defendant Gain filed an agreed order in Plaintiff's state habeas action to prevent Plaintiff from viewing records, even after Plaintiff moved to have Gain withdrawn as counsel. Id. at 8.

3) Defendant Mirhoseini, another of his appointed habeas counsel, filed an agreed order that further expanded a previously-filed order to seal all past and future records of Plaintiff's habeas action, preventing Plaintiff from having access to them. Id.

4) Defendant Roberts, the prosecuting attorney in Plaintiff's criminal case, and who represented the state in Plaintiff's state habeas action, continues to withhold records requested in discovery motions filed by Plaintiff's trial counsel before Plaintiff's December 2013 criminal trial. Id. at 3, 10.

5) Defendant Mirhoseini wrongfully withheld from Plaintiff documents which constituted exculpatory material, claiming that they were confidential, when the documents were public records. Id. at 11 - 12.

6) Defendant Bedell, as Harrison County Circuit Court Judge, permitted Gain's and Mirhoseini's illegal action to continue, despite Plaintiff's objections, by denying Plaintiff's request for new counsel; and accepting agreed orders filed by Gain and Mirhoseini to seal the records and prevent Plaintiff's access to the records. Id. at 8, 12 - 14.

Plaintiff complains that Defendants' actions have denied him access to the courts and to documents and records which would be exculpatory to him in his state habeas action. Id. at 9. For relief, the Plaintiff seeks only injunctive relief, in the form of assistance in obtaining records

pertaining to his previous felony cases to support his state habeas action alleging he was illegally and unlawfully incarcerated. Id.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious must be dismissed. 28 U.S.C. § 1915A (b).

A complaint is frivolous if it is without arguable merit in either law or in fact. Neitzke v. Williams, 409 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b) (6) is not automatically frivolous. See Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are indisputably meritless, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

### A. Attorneys Jason T. Gain and David Mirhoseini

The claims against Jason T. Gain ("Gain") and David Mirhoseini ("Mirhoseini") should be dismissed because as private attorneys acting as court-appointed counsel, they are not state actors subject to suit under § 1983. A case filed under 42 U.S.C. § 1983 requires a deprivation of a right

3

secured by the Constitution by a person acting under color of state law. Private attorneys do not act "under color of state law" by being part of a state judicial system or being paid by a state agency. Polk County v. Dodson, 454 U.S. 312, 319 (1981). See also Hall v. Quillen, 631 F.2d 1154, 1156 - 57 (4th Cir. 1980) (affirming dismissal of 42 U.S.C. § 1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (per curiam) (affirming dismissal of 42 U.S.C. § 1983 action against retained counsel). See also Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (attorneys do not act under color of state or federal law when representing clients, and therefore relief cannot be obtained under either section 1983 or Bivens).

At the time of the events alleged, Gain and Mirhoseini were acting as court-appointed counsel for the plaintiff in his state habeas action. Even though appointed by the state to represent Plaintiff, this role did not elevate them to the status of a state actor sufficient to state a claim under § 1983. Therefore, these two defendants should be dismissed from this action.

**B. Thomas A. Bedell**

The claims against Thomas A. Bedell should be dismissed because he is protected by judicial immunity. The Supreme Court has held that judges are absolutely immune from lawsuits related to the exercise of their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 554 (1967); Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). Magistrates are also entitled to absolute immunity for acts performed in their judicial capacity. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992). However, a judge who acts without jurisdiction, or who has not performed a judicial act, has no absolute judicial immunity. Stump v. Sparkman, 435 U.S. 349, 356 (1978). In determining whether an act is a judicial act, the court must consider "whether [the act] is [a] function normally

performed by a judge" and "whether [the parties] dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362.

In this case, the acts alleged against Thomas A. Bedell, a Judge of the Fifteenth Judicial Circuit of West Virginia in Harrison County Circuit Court, only concern actions that Judge Bedell undertook in the process of presiding over Plaintiff's state habeas action, such as deciding motions for new counsel and submitting orders regarding records to be released. Therefore, Judge Bedell's actions are those normally performed by a judge and he is entitled to judicial immunity. Accordingly, Judge Bedell is not a proper defendant and should be dismissed from this action.

## C. Andrea L. Roberts, Assistant Prosecuting Attorney, Harrison County, West Virginia

The claims against Andrea L. Roberts ("Roberts") should be dismissed because Roberts is protected by prosecutorial immunity. Prosecuting attorneys are absolutely immune from individual liability when performing prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409, 422 - 23 (1976); Ostrzenski v. Seigel, 177 F.3d 245, 253 (4th Cir. 1999). For instance, prosecuting attorneys are entitled to immunity when deciding whether to prosecute, even if the decision to prosecute is malicious. Imbler, 424 U.S. at 427. See also Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993) ("Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."). There is an exception to the absolute prosecutorial immunity rule, however, if the prosecuting attorney acts in the role of administrator or investigative officer, rather than as a prosecutor. Imbler, 424 U.S. at 430. Thus, when a court determines whether a prosecuting attorney is entitled to absolute immunity, it must examine the type of activity performed, not the identity of the individual who performed it. Forrester v. White, 484 U.S. 219, 229 (1988).

In this case, the actions Plaintiff alleges Roberts committed took place when Roberts was representing the state in Plaintiff's habeas action, and allegedly withheld documents during Plaintiff's prior felony trials. These allegations clearly involve Ms. Roberts acting in her role as a prosecutor. Therefore, Roberts is entitled to prosecutorial immunity and she is not a proper defendant in this action.

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the Plaintiff's claims against JASON T. GAIN, THOMAS A. BEDELL, DAVID C. MIRHOSEINI, and ANDREA L. ROBERTS, be **DISMISSED with prejudice as frivolous** pursuant to 28 U.S.C. § 1915A(b)(1).

Further, the undersigned **RECOMMENDS** that Plaintiff's pending second motion for appointed counsel [ECF No. 20] be **DENIED as moot.**

The Plaintiff is notified that this Report and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the **Plaintiff shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless

accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12(d). Extension of this time period may be granted by the presiding District Judge for good cause shown.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Kleeh.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as shown on the docket.

Further, upon entry of this Report and Recommendation, the Clerk is also **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: August 28, 2019

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE